UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Brian E., | File No. 22-cv-372 (ECT/JFD) |
|       Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Kilolo Kijakazi,<br>Acting Commissioner of Social Security, | |
|       Defendant. | |

---

Plaintiff Brian E. objects to the October 17, 2022 Report and Recommendation of Magistrate Judge Becky R. Thorson. ECF No. 23. Plaintiff originally sought review of the final decision of the Commissioner of Social Security denying his application for disability benefits. ECF No. 1. After his application was denied, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"), who also denied benefits to Plaintiff. ECF No. 12-4 at 7. In reaching her decision, the ALJ proceeded through a five-step sequential evaluation process pursuant to 20 C.F.R. § 404.1520c, and determined that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. ECF No. 12-4 at 11–24. The ALJ's decision became the final decision of the Commissioner when Plaintiff's appeal was denied by the Appeals Council. ECF No. 12-2. Plaintiff then initiated judicial review with this Court, and the parties filed cross-motions for summary judgment. ECF Nos. 1, 14, 16.

After reviewing both parties' motions for summary judgment, Magistrate Judge Thorson recommends denying Plaintiff's motion for summary judgment, and granting

Defendant's motion for summary judgment. ECF No. 19. In light of the objections, the Report and Recommendation will be reviewed de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

Plaintiff's objection centers on one aspect of Magistrate Judge Thorson's Report and Recommendation: whether the ALJ complied with 20 C.F.R. § 404.1520c during her supportability evaluation of the opinion evidence of Dr. Phillippi, the mental health expert hired by Social Security to examine Plaintiff as part of Plaintiff's disability claim. ECF No. 23 at 1. The regulation states that the Commissioner "will not defer or give specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The most important factors, when determining how persuasive a medical opinion or finding is, are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). In assessing the supportability factor, "[t]he more relevant the *objective medical evidence and supporting explanations* presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1) (emphasis added). An ALJ must explain how they considered both the consistency and supportability elements. 20 C.F.R. § 404.1520c(b)(2). Plaintiff argues that the ALJ failed to properly consider the supportability factor in coming to her conclusion that Dr. Phillippi's opinion was not persuasive.

In her opinion, the ALJ explained her analysis of the supportability and consistency factors, with regard to Dr. Phillippi's opinion, as follows:

> Dr. Phillippi's consultative examination opinion is vague. The indication that the claimant demonstrates a lack of ability to work with "optimal capacity" does not actually provide a limitation regarding the most the claimant can do. Other statements regarding short periods of work at an acceptable pace is similarly vague in terms of how long these periods are. Dr. Phillippi further notes that the claimant has not held a long term job, but this again is vague and in fact, not necessarily consistent with some of his jobs, which spanned more than a couple of years. The indication of reduced pace, persistence, and performance is similarly vague and to the extent "brief and superficial" is interpreted as additionally limiting it is not consistent with the minimal mental status exam findings. Overall, this opinion is not well supported and is not consistent with the record as a whole and not persuasive.

ECF No. 12-4 at 22 (internal citations removed). Plaintiff argues that the ALJ failed to explain why the mental status exam findings are inconsistent with Dr. Phillippi's opinion, given that Dr. Phillippi documented Plaintiff's anxiety, irritability, and nervousness. ECF No. 23 at 4. Further, Plaintiff claims that the ALJ did not adequately consider the support provided by Dr. Phillippi—that Plaintiff was anxious. *Id.*

Plaintiff is incorrect. The ALJ sufficiently addressed both the supportability and consistency factors under 20 C.F.R. § 404.1520c when addressing Dr. Phillippi's opinion. Dr. Phillippi did not provide quantifiable work-related limitations. Rather, Dr. Phillippi provided vague assessments of Plaintiff's overall capability, such as lack of an "ability to work with optimal capacity," an ability to "work minimally and for short periods at an acceptable pace and with persistence as long as it does not over tax his ability," and that "[h]e will likely be adequate only in brief and superficial contacts with others." ECF No. 12-18 at 68. The ALJ's determination that Dr. Phillippi's opinion was "vague," and thus less supportable, was an acceptable reason to find it less persuasive. *See* ECF No. 12-4 at

3

22. As Magistrate Judge Thorson correctly explained, "This was an acceptable reason to find Dr. Phillippi's opinion less persuasive as it indicated that Dr. Phillippi's opinion contained less relevant 'supporting explanations' and therefore less supportability." ECF No. 19 at 19 (quoting 20 C.F.R. § 404.1520c(c)(1)).  There is ample precedent to support this determination, and Plaintiff fails to identify any to the contrary.  *See* ECF No. 23.  "[D]istrict courts have continued to find that ALJs are entitled to discount vague medical opinions under the post-2017 standard."  *Arden B. v. Kijakazi*, No. 21-CV-2008-KEM, 2022 WL 4636221 at *5 (N.D. Iowa Sept. 30, 2022); *see also Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996) (holding that, under the prior standard, vague medical opinions are of limited persuasive value).

Plaintiff's contention that the ALJ failed to adequately address the support provided by Dr. Phillippi is unconvincing, as there was little for the ALJ to actually address.  In his brief report, Dr. Phillippi provides little with regard to "objective medical evidence and supporting explanations" beyond a minimally explained anxiety diagnosis.  *See* ECF No. 12-18 at 66–68; *see also Arden B.*, 2022 WL 4636221 at *5 ("But it is precisely because [the doctor's] statement is so broad that the ALJ could not address it in any more detail.").  Accordingly, the ALJ complied with 20 C.F.R. § 404.1520c.

The Court has undertaken de novo review and has concluded that Magistrate Judge Thorson's analysis and conclusions are correct.  Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. The Objection to the Report and Recommendation [ECF No. 23] is **OVERRULED**.

4

2. The Report and Recommendation [ECF No. 19] is **ACCEPTED** in full.

3. Plaintiff's Motion for Summary Judgment [ECF No. 14] is **DENIED**.

4. Defendant's Motion for Summary Judgment [ECF No. 16] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 3, 2023     s/ Eric C. Tostrud
                          Eric C. Tostrud
                          United States District Court